## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

IDRIS ENLOW,                            :
     Petitioner,                      :       Civil Action No. 12-3459
                                           :
v.                                      :
                                           :
SUPT.  SAUERS, et al.,                   :
     Respondents.                     :
_____:

### MEMORANDUM OPINION AND ORDER

**RUFE, J.**                                           **April 18, 2013**

       Before the Court are Idris Enlow's *pro se* objections to the Report and Recommendation ("R & R") of Magistrate Judge Timothy R. Rice regarding Enlow's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  After a careful and independent review of the R & R[1] and Petitioner's objections to the R & R,[2] and for the reasons which follow, the Court will overrule Petitioner's objections, approve and adopt the R & R, and dismiss the Petition as untimely filed.

### I.  BACKGROUND

       As Enlow does not object to the factual and procedural history set forth in the R & R, the Court adopts the history from the R & R and summarizes it herein.

       On March 6, 2006, a Philadelphia jury convicted Enlow of criminal conspiracy and possession with intent to deliver cocaine.  Enlow pursued post-conviction remedies, including a direct appeal.  His conviction was affirmed by the Pennsylvania Superior Court on August 8, 2007, and Enlow did not seek review by the Pennsylvania Supreme Court.  Therefore, Enlow's

---

[1] Doc. No. 3.

[2] Doc. No. 11.

judgment of sentence became final on September 7, 2007.  Approximately 5 months later,[3] on February 11, 2008, Enlow filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA").[4]  The PCRA petition was denied as meritless on July 8, 2009, which decision was affirmed by the Superior Court on November 29, 2010.  The Pennsylvania Supreme Court denied review on June 8, 2011.  Exactly one year later, on June 8, 2012, Enlow filed the present federal habeas petition, which raised the sole claim of ineffective assistance of counsel that had been presented in his PCRA petition.

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996[5] ("AEDPA"), governs habeas petitions like the one before this Court.  Under the AEDPA, "a district court shall entertain an application for writ of habeas corpus [filed on] behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or the laws or treaties of the United States."[6]  Where, as here, the habeas petition is referred to a magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), a district court conducts a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[7]

## III.  DISCUSSION

The AEDPA imposes a one-year statute of limitations on petitions for habeas corpus relief, which time period is generally calculated from "the date on which the judgment became

---

[3] Precisely, 157 days later.

[4] 42 Pa. Cons. Stat. Ann. § 9541 *et seq.*

[5] 28 U.S.C. §2254.

[6] §2254(a).

[7] 28 U.S.C. §636(b)(1).

final by the conclusion of direct review or the expiration of the time for seeking such review."[8] Statutory tolling is permitted during the pendency of a properly filed application for relief pursuant to the PCRA.[9]  In this case, Enlow's statute of limitations period was subject to statutory tolling from February 11, 2008, when he filed his PCRA petition, until June 8, 2011, when the Pennsylvania Supreme Court declined review.  The federal limitation period then resumed, with 208 days remaining to file for federal habeas relief.  Enlow waited 365 days to file, filing one year, to the day, from the date the state Supreme Court denied review of the PCRA decision.  The R & R concluded that Enlow was not entitled to equitable tolling,[10] and therefore his petition was untimely.

Enlow has filed objections, arguing that he is entitled to equitable tolling because:  1) the Pennsylvania Supreme Court has instructed that issues of ineffective assistance of counsel should generally be raised on collateral review (i.e. in PCRA proceedings) and not on direct appeal,[11] and so the one-year statute of limitations for filing a §2254 petition alleging ineffective assistance of counsel should run from the date of the final ruling on the PCRA petition; and 2) in a letter ending the attorney-client relationship, Enlow's PCRA counsel advised him that: "It is my understanding that you would have . . . one (1) year within which to file a Petition for §2254 Relief with the Federal Court" and Enlow relied upon this advice.

In the §2254 context, equitable tolling is available only upon a showing that the petitioner has been reasonably diligent in pursuing his rights *and* that some extraordinary circumstance

---

[8] 28 U.S.C. §2244(d)(1).

[9] 28 U.S.C. §2244(d)(2).

[10] In his objections, Enlow argues that the R & R was issued before he had an opportunity to file a memorandum of law in support of his petition, and therefore he was deprived of the opportunity to establish his eligibility for equitable tolling of the statute of limitations.  While it is true that the R & R was issued before the Petition was fully briefed, Enlow has not been deprived of his opportunity to brief the issue of equitable tolling, as he has done so in his objections, and this Court is considering the issues raised in his objections *de novo.*

[11] Commonwealth of Pennsylvania v. Grant, 813 A.2d 726 (Pa. 2002).

stood in the way of timely filing.[12]  To show "extraordinary circumstances," a petitioner must show more than mistake or excusable neglect.[13]  Here, Enlow puts forth no evidence from which the Court can find that extraordinary circumstances, as opposed to a mistake as to the statute of limitations, was the reason his §2254 petition was filed approximately five month late.  With regard to Enlow's first argument, there is no support for Enlow's proposal that the statute of limitations be calculated from the conclusion of the PCRA process, rather than the conclusion of the direct appeal process, in ineffective assistance of counsel cases.  As to his second argument, the Third Circuit instructs that if counsel or former counsel provides delayed notice of PCRA rulings, or misinformation regarding the applicable time for filing a habeas petition, these are not "extraordinary circumstances" warranting equitable tolling.[14]  Accordingly, the Court finds that Enlow has failed to demonstrate that equitable tolling of the AEDPA statute of limitations is warranted, and it will overrule Enlow's obections to the R & R.

Through his objections, Enlow also seeks reconsideration of the Court's August 24, 2012 Order dismissing without prejudice the document captioned "Amended Petition Under 28 U.S.C. §2254,"[15] which Enlow filed, without leave of the Court, on August 2, 2012.[16]  As any motion

---

[12] Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005);  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).

[13] LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005).

[14] Johnson v. Hendricks, 314 F.3d 159, 162-63 (3d Cir. 2002) (in non-capital cases, misinformation provided by an attorney as to the date a habeas petition is due does not constitute the extraordinary circumstances required for equitable tolling); see also LaCava, 398 F.3d at 276 ("attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.")

[15] Doc. No. 6.

[16] The R & R was filed on July 13, 2012.  Enlow did not file objections to the R & R within 14 days of service, but instead filed the document captioned "Amended Petition."  As this was not a proper response to the R & R, on August 24, 2012, the Court dismissed it without prejudice and granted Enlow 21 additional days to file objections to the R & R.  Enlow then filed the objections to the R & R which have been reviewed de novo herein.  In addition, Enlow included an "objection" captioned "Stay in the Proceedings," which challenges the Court's August 24, 2012 Order.  Although this appears in the same brief as Enlow's objections to the R & R, it cannot be construed as an objection to the R & R as it relates to the Court's dismissal without prejudice of claims Enlow attempted to raise *after* the R & R was issued.  Accordingly, the Court construes this particular challenge as a motion to reconsider its Order dated August 24, 2012.

4

for reconsideration must be filed within fourteen days after entry of the order,[17] Enlow's

objections, filed on October 1, 2012, did not constitute a timely motion for reconsideration.

Therefore, the request for reconsideration set forth in Enlow's objections is also denied.

 An appropriate order follows.

---

[17] Local Rule of Civil Procedure 7.1.